**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHAMSUDDIN DOST,

Defendant-Appellant.

No.   18-10254

D.C. No. 4:16-cr-00403-JD-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before:  BENNETT and LEE, Circuit Judges, and PIERSOL,[**] District Judge.

Shamsuddin Dost appeals his conviction for conspiring to import heroin

from Afghanistan to the United States.  Dost argues that the district court violated

his Sixth Amendment right to confrontation by allowing two undercover agents to

testify against him using pseudonyms.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

§ 1291 and affirm.

1.  Factual background: Appellant Shamsuddin Dost conspired to import heroin from Afghanistan to the United States. Dost was introduced to undercover FBI agent "Mustafa." Dost and Mustafa met stateside and coordinated several deals; in turn, Dost's co-conspirators in Afghanistan delivered heroin to "Iqbal," who was an undercover agent for Afghan authorities. Dost was eventually arrested and charged on separate counts for conspiracy to distribute, and distribution of, one kilogram or more of heroin for the purpose of unlawful importation under 21 U.S.C. §§ 959, 960(b)(1)(A), and 963.

Before trial, the government moved to protect the identities of both Mustafa and Iqbal. The motion for Mustafa was supported by a confidential declaration by the Acting Assistant Director of the FBI Counterterrorism Division. The declaration was filed pursuant to Section 4 of the Classified Information Procedures Act and Federal Rule of Criminal Procedure 16(d)(1). A separate motion was filed for Iqbal and was supported by a sealed exhibit. The district court granted both motions, finding that disclosure of the agents' identities would subject them to danger and jeopardize national security interests.

2.  FBI agent Mustafa's identity: The decision to deny disclosure of a witness's identity is reviewed for abuse of discretion. *United States v. Gil*, 58 F.3d 1414, 1421 (9th Cir. 1995).  To determine whether it is permissible to withhold a

witness's name, this court balances "the defendants' rights to confront the government's witnesses against the government's interest in not compromising investigations and in protecting the [witness's] identity." *Id.* This balancing involves three factors: "(1) the degree to which the [witness] was involved in the criminal activity; (2) how helpful the [witness's] testimony would be to the defendant, and (3) the government's interest in non-disclosure." *Id.*

Based on these factors, the district court did not abuse its discretion. While Mustafa's involvement in Dost's criminal activity was considerable, his real name would likely have been of little help to Dost. The district court ordered the government to provide to Dost relevant non-identifying impeachment evidence about Mustafa. Dost never objected to the quantity or quality of the information provided and does not do so here. Furthermore, the government's interest in non-disclosure is high. Based on our review of the confidential declaration provided, we agree with the district court that both national security interests and Mustafa's safety would be compromised by disclosure. In sum, the district court properly balanced Dost's interests in learning Mustafa's identity against the government's interests in non-disclosure.

3. Afghan agent Iqbal's identity: Dost argues for the first time on appeal that the district court erred by allowing Iqbal to testify pseudonymously. We typically review such a claim for plain error. *See* Fed. R. Crim. P. 52(b); *see also*

*United States v. Olano*, 507 U.S. 725, 732–37 (1993). But if a defendant has "affirmatively acquiesced to the district court's ruling, . . . the district court made no error, plain or otherwise." *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). Consequently, "forfeited claims are reviewed for plain error, while waiver precludes appellate review altogether." *Id.* To determine whether a party waived a claim, the "critical question" is "whether there was evidence indicating the defendants knew of their rights and chose to relinquish them anyway." *Id.* at 1233.

Dost waived this argument. Dost's single written response to the government's two independent protective motions for Iqbal and Mustafa challenged non-disclosure only for Mustafa. At pre-trial conference, Dost argued that disclosure was necessary for impeachment purposes but then conceded: "realistically – there's no background investigation I'm going to do about this Afghani agent." We therefore conclude that Dost waived his argument as to Iqbal.

But even if Dost merely forfeited his claim, he would not be successful. Under the plain error standard, "reversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011) (citing *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). Assuming without

4

deciding that there was error and it was plain, Dost cannot show that his substantial rights were affected by being prevented from learning Iqbal's identity. Overwhelming evidence independent of Iqbal's testimony pointed toward Dost's guilt, including Dost's own admission at trial that he conspired to import heroin into the United States. Further, the government was ordered to produce non-identifying impeachment evidence for Iqbal. As with Mustafa, Dost did not object to the quantity or quality of the evidence provided. And finally, Iqbal testified in open court, visible to Dost and the jury. Cross-examination was unlimited with one exception, namely that that Dost could not solicit identifying information from Iqbal. Therefore, we conclude that Dost could not show that his substantial rights were affected.

**AFFIRMED.**